**Dismissed and Memorandum Opinion filed January 23, 2014.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

### NO. 14-13-01108-CR

**TORY DEVON STEVENS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 1296406**

## M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to forgery. In accordance with the terms of a plea bargain agreement with the State, on February 23, 2011, the trial court deferred a finding of guilt, placed appellant on community supervision for three years, and assessed a $500 fine. The State subsequently moved to adjudicate appellant's guilt. Appellant entered a plea of true to the allegations in the motion. As part of an agreement with the State on punishment, appellant signed a written waiver of his right to appeal. On January 27, 2012, the trial court sentenced

appellant to confinement for six months in the State Jail Division of the Texas Department of Criminal Justice and assessed a $500 fine. No motion for new trial was filed. On December 6, 2013, almost two years after he was sentenced, appellant filed a pro se letter challenging his conviction. We construe the letter as a notice of appeal, and we dismiss the appeal.

A defendant's notice of appeal must be filed within thirty days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *Id.* Appellant's notice of appeal is untimely.

In addition, the trial court entered a certification of the defendant's right to appeal in which the court certified that the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is supported by the record. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, the appeal is ordered dismissed.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Jamison and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).